UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

CORNELL MCCLOUD,

        Petitioner,

        -against-

ADA PEREZ,

        Respondent.
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/17/18_

**MEMORANDUM and ORDER**

17 CV 1827 (AJN) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is pro se petitioner Cornell McCloud's ("McCloud") second request for leave to amend his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, and "to hold [the petition] in abeyance until my State Claims are fully exhausted." The respondent urges that the instant request be denied. McCloud's first request for leave to amend his petition was denied on April 12, 2018, and his state-court claims have been exhausted since February 2018.

As the respondent points out, correctly, even if McCloud's request is liberally construed as a request for reconsideration of the Court's denial of his motion to amend, the request should be denied on the grounds that it: (a) is untimely; and (b) lacks merit. Pursuant to Local Civil Rule 6.3 of this court, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." In this case, McCloud's request for leave to amend is dated June 6, 2018, nearly two months after the denial of his original motion. Further, "[t]he standard for granting [a reconsideration] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Here, McCloud fails to point to any data or controlling decisions that the Court overlooked. Therefore, even construed as a request for reconsideration, McCloud's request is without merit.

For the reasons set forth above, McCloud's second request to amend his habeas corpus petition, Docket Entry No. 22, is denied.

Dated: New York, New York      SO ORDERED:
      August 17, 2018

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Cornell McCloud

2