USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Cornell McCloud,

                                     Petitioner,

                    -against-

Ada Perez,

                                     Respondent.

17-cv-1827 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Mr. McCloud, proceeding *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2254. Dkt. No. 2. This petition was referred to Magistrate Judge Fox for a Report and Recommendation. Dkt. No. 7. Judge Fox has now issued that R&R, recommending that the petition be denied in full, and Mr. McCloud has filed objections. Dkt. Nos. 25, 27. For the reasons given below, the Court adopts Judge Fox's well-reasoned R&R and denies Mr. McCloud's petition for habeas corpus.

I.      BACKGROUND

In 2012, New York State indicted Mr. McCloud on charges of burglary in the second degree, grand larceny in the third degree, and petit larceny. In September 2013, Mr. McCloud pleaded guilty to a single count of burglary in the second degree, admitting that he stole from his former employer's apartment. As part of this guilty plea, Mr. McCloud waived his appellate rights. Dkt. No. 25 at 3–4. The state court sentenced Mr. McCloud to twelve years in prison and five years of post-release supervision. *Id.* at 4. Mr. McCloud subsequently appealed his conviction, but the Appellate Division affirmed and the Court of Appeals denied review. *Id.*

On March 10, 2017, Mr. McCloud filed a petition for habeas corpus under 28 U.S.C. § 2254. Dkt. No. 2. His petition raises two claims. First, he challenges various state-court

rulings, including those made at an August 2013 suppression hearing, as violative of the Fourth

Amendment.  Second, he contends that his sentence, which was two-and-a-half times the

minimum allowable sentence, was excessive and harsh.  *Id.*

Two months later, Mr. McCloud filed a motion in New York state court seeking to vacate

his judgment under New York Criminal Procedure Law (C.P.L.) § 440.10.  Dkt. No. 11.

Mr. McCloud then sought leave to amend his habeas petition once the state court rendered a

decision on his C.P.L. § 440.10 motion.  *Id.*  In July 2017, Respondent filed its opposition to Mr.

McCloud's initial habeas petition.  Dkt. No. 14.  Respondent did not file an opposition to Mr.

McCloud's motion to amend.  Dkt. No. 16.

Judge Fox then denied the motion to amend without prejudice, on the grounds that Mr.

McCloud had not provided sufficient information to determine whether his request satisfied the

requirements of Federal Rule of Civil Procedure 15(a)(2).  Dkt. No. 16.  Judge Fox directed Mr.

McCloud to supplement his motion and set a briefing schedule on that supplemented motion.  *Id.*

In September 2017, Mr. McCloud filed a second motion to amend his petition.[1]  Dkt. No.

19.  Respondent opposed the request.  Dkt. No. 17.  And Respondent filed a letter informing the

Court that Mr. McCloud's C.P.L. § 440.10 motion had been denied.  Dkt. No. 18.  Judge Fox

eventually denied Mr. McCloud's second motion to amend on the grounds that amendment

would be futile.  Dkt. No. 21.

Mr. McCloud then filed a third motion to amend his initial petition on the grounds that he

had recently appealed the denial of his C.P.L. § 440.10 motion and requesting that his claims be

held in abeyance until a further state-court decision.  Dkt. No. 22.  Respondent opposed this

motion to amend on the grounds that, even if the motion was construed as one seeking

---

[1] This motion was not docketed until April 2, 2018, though Respondent did receive the motion.  Dkt. Nos. 17, 19.

reconsideration of Judge Fox's earlier decision, it was untimely and meritless.  Dkt. No. 23.

Judge Fox, liberally construing Mr. McCloud's motion as one seeking reconsideration, denied it

as untimely and for failing to meet the high Rule 60 standard.  Dkt. No. 24.

Judge Fox subsequently issued a Report and Recommendation which recommended the

denial of Mr. McCloud's initial habeas petition.  Dkt. No. 25.  Mr. McCloud filed objections to

Judge Fox's R&R, and Respondent did not oppose his objections.  Dkt. No. 27.

## II.     LEGAL STANDARD

A district court may "designate a magistrate judge . . . to submit to a judge of the court

proposed findings of fact and recommendations for the disposition" of a motion.  28 U.S.C.

§ 636(b)(1)(B).  A party to the action may then file objections to the proposed recommendation.

*Id.* § 636(b)(1)(C).  "[A] district court must conduct a *de novo* review of those portions of the

report or specified proposed findings or recommendations to which timely objections are made."

*Beller v. Astrue*, No. 12-cv-5112 (VB), 2013 WL 2452168, at *1 (S.D.N.Y. June 5, 2013) (citing

28 U.S.C. § 636(b)(1)(c)).  On review of a Report, a "district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate

judge with instructions."  Rule 72(b)(3).  In light of Mr. McCloud's *pro se* status, the Court will

construe Mr. McCloud's filings liberally and interpret them "to raise the strongest arguments that

they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting

*Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## III.    MR. MCCLOUD IS NOT ENTITLED TO HABEAS RELIEF

The federal habeas statute provides:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim – (1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or (2) resulted in a
decision that was based on an unreasonable determination of the facts in light of
the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court reviews Mr. McCloud's two theories of habeas relief, and

corresponding objections, in turn.

Mr. McCloud first challenges his conviction on Fourth Amendment grounds.  Among

other things, he argues that his post-arrest statements should have been suppressed as the fruits of

an unconstitutional arrest.  However, Magistrate Judge Fox rightly rejected this theory for two

independent reasons.  First, the state court rejected this claim on adequate and independent state-

law grounds: Mr. McCloud waived his right to an appeal in his plea agreement.  "A federal

habeas court will not review a claim rejected by a state court 'if the decision of [the state] court

rests on a state law ground that is independent of the federal question and adequate to support the

judgment.'"  *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (quoting *Coleman v. Thompson*, 501 U.S.

722, 729 (1991)).  A state procedural rule is an adequate ground barring review of a federal claim

in a habeas corpus proceeding where "application of the procedural rule is 'firmly established

and regularly followed' in the specific circumstances presented in the case."  *Cotto v. Herbert*,

331 F.3d 217, 240 (2d Cir. 2003).  The appellate waiver undoubtedly presents such a ground

here, and Mr. McCloud does not present any contrary argument in his objections.  Second, Mr.

McCloud received a full and fair review of this claim in New York state court.  The Supreme

Court has long held that the Fourth Amendment does not guarantee a state prisoner habeas relief

"where the State has provided an opportunity for full and fair litigation of" that claim.  *Stone v.*

*Powell*, 428 U.S. 465 (1976); *see also Young v. Conway*, 715 F.3d 79, 92 (2d Cir. 2013).  Here,

the state court afforded Mr. McCloud a hearing to litigate his claim, and rejected that claim on

4

the merits.  For these two reasons, Mr. McCloud's Fourth Amendment theory does not entitle

him to habeas relief.

Mr. McCloud's Eighth Amendment excessive-sentence claim similarly fails.  "No federal

constitutional issue is presented where . . . the sentence [imposed] is within the range prescribed

by state law."  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).  In this case, McCloud was

convicted for second-degree burglary, a Class C violent felony, and sentenced as a predicate-

felony offender to twelve years' incarceration and five years' post-release supervision.  Under

New York law, the sentence imposed was legal.  *See* New York Penal Law §§ 70.06(6)(b) ("For a

class C violent felony offense, the term must be at least five years and must not exceed fifteen

years"); 70.45(2) ("The period of post-release supervision for a determinate sentence, other than

a determinate sentence imposed for a felony sex offense . . . shall be five years").  Mr.

McCloud's sentence is thus within the ambit of state law and cannot form the basis of a federal

constitutional claim.

Judge Fox therefore correctly recommended denial of Mr. McCloud's habeas petition,

and nothing in his objections to Judge Fox's opinion changes this result.  To begin, Mr.

McCloud's objections do not challenge the merits of Judge Fox's rulings.  He points to no clearly

established federal law or unreasonable state-court determination that could support his claim for

relief.  *See* 28 U.S.C. § 2254(d).  His objections fail for that reason alone.  Mr. McCloud instead

contends that Judge Fox's decision is "clearly erroneous" because his third amendment request

was denied without "entry of [an] order."  Dkt. No. 27 at 11–12.  However, Judge Fox did enter

an order denying the request, and the Court mailed that decision to Mr. McCloud.  Dkt. No. 21.

Next, Mr. McCloud argues that Judge Fox erred in applying the habeas standard because "no

declaration or traverse has been filed by either party in this matter."  Dkt. No. 27 at 13.

However, Mr. McCloud has filed a habeas petition, to which Respondents filed a brief in opposition, and Mr. McCloud never filed a reply. The petition therefore was properly before Judge Fox. Mr. McCloud also "requests that such written objection be held to less stringent standards than formal leadings drafted by lawyers." Dkt. No. 27 at 1. To be sure, this Court affords Mr. McCloud special solicitude because he is proceeding *pro se*. However, *pro se* status does not exempt Mr. McCloud from the strident requirements of federal habeas review. The Court thus finds no error in Judge Fox's R&R.

IV.   **CONCLUSION**

The Court has considered the remainder of Mr. McCloud's arguments and finds them to be without merit. For the reasons given above, the Court ADOPTS Judge Fox's Report and Recommendation and DENIES Mr. McCloud's petition for habeas corpus. The Clerk of Court is respectfully ordered to enter judgment and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

A copy of this Opinion and Order will be mailed to the *pro se* petitioner and that mailing will be noted on the public docket.


SO ORDERED.

Dated:  May 27, 2020
        New York, New York

_____
          ALISON J. NATHAN
          United States District Judge